# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CLAUDETTE FRANZ, and RICHARD M. KAUFMAN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) CIVIL ACTION NO.: 3:17-CV-133 |
| CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION, CAPITAL ONE SERVICES, LLC, ARS NATIONAL SERVICES, INC., MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC. And RECEIVABLES PERFORMANCE MANAGEMENT, LLC | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Midland Funding, LLC and Midland Credit Management, Inc. (collectively "Midland"), hereby remove this case to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. § 1441 & 1446. In support of this Notice of Removal, Midland states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over Plaintiffs' state court complaint against Midland under 28 U.S.C. §§ 1331, 1332, 1367, and 15 U.S.C. § 1692k(d).

2. This is case is subject to removal pursuant to 28 U.S.C. § 1441(a).

3. Venue is proper in this court in accordance with 28 U.S.C. § 1391.

### Procedural Background

4. Midland is a defendant in a civil action filed by Plaintiffs Claudette Franz and

Richard M. Kaufman, on January 23, 2017, in the Superior Court of Union County Case No. 16-CVS-02968.[1]

5. In the civil action, Plaintiffs assert claims against Midland under the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, the North Carolina Collection Agency Act, the North Carolina Unfair and Deceptive Trade Practices Act, as well as claims for negligence and punitive damages.

6. Midland was served with a copy of Plaintiff's complaint on February 15, 2017.[2] This notice of removal is timely filed in the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. § 1446.

7. This morning, counsel for Midland reviewed the docket and records of the underlying civil action pending in the Superior Court of Union County Case No. 16-CVS-02968. The records do not reflect the service of summons and a copy of the complaint on any of Midland's co-defendants. None of Midland's co-defendants have made an appearance. None of Midland's co-defendants have filed any pleading, motion, notice, or other filing of any kind.

**Basis for Federal Jurisdiction**

8. This Court has federal question jurisdiction over the claims asserted against Midland under 28 U.S.C. § 1331, because Plaintiff has brought claims under the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act. *See Orban v. Nationwide Trustee Services, Inc.*, No. 5:12-cv-00016, 2014 WL 6476235, at * 1 (W.D.N.C. Nov. 19, 2014) ("Removal is proper under 28 U.S.C. § 1331 federal question jurisdiction because the [Plaintiffs]

---

[1] Pursuant to § 1446(a), "a copy of all process, pleadings, and orders served upon [Asset] in [the state court action]" are attached hereto as **Exhibit 1**.

[2] *See Ex.* 1, at 70.

have alleged violations under the Fair Debt Collection Practices Act . . . ."); *see also Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 370 (2012) ("Beyond doubt, the TCPA is a federal law . . . . We find no convincing reason to read into the TCPA's permissive grant of jurisdiction to state courts any barrier to the U.S. district courts' exercise of the general federal-question jurisdiction they have possessed since 1875."). This Court further has "supplemental jurisdiction over the state law claims as they make up the same case and controversy of the alleged violations of federal law." *Orban*, 2014 WL 6476235, at * 1 (citing 28 U.S.C. § 1367(a)).

9. This Court additionally has diversity jurisdiction over the claims asserted against Midland under 28 U.S.C. § 1332(a), because complete diversity exists among the Plaintiffs (both residents of North Carolina (Ex. 1, p. 2, ¶¶ 2, 4) and all defendants (none of which have a principal place of business in North Carolina or are organized under the law of North Carolina (Ex. 1, pp. 2, 5, & 5, ¶¶ 6, 8, 13, 15, 18, 20) and the amount in controversy exceeds $75,000.

**Basis for Removal Jurisdiction**

10. This case is removable under § 1441(a) because this Court has jurisdiction over the Plaintiffs' complaint under 28 U.S.C. §§ 1331 and 1332.

11. Section 1446(a) requires that Midland's notice of removal must be filed "in the district court of the United States for the district and division within which [the state court] action is pending." 28 U.S.C. § 1446(a). Because Plaintiffs' state court complaint was filed in the Union County Superior Court, Midland filed its Notice of Removal in this, the United States District Court for the Western District of North Carolina.

12. Under § 1446(b)(1), this notice of removal must be filed "within 30 days after [Asset's] receipt . . ., through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Accordingly, Midland timely filed this notice of removal within 30 days of February 15, 2017.

13. "[P]romptly after the filing of [this] notice of removal, . . . [Midland [will] give written notice thereof to all adverse parties and [will] file a copy of the notice with the clerk of" the Union County Superior Court, the filing of which "shall effect the removal." 28 U.S.C. § 1446(d).

14. This notice complies with the consent requirements of § 1446(b) because no other "defendants who have been properly joined and served" exist, removing the need for additional consent.

Respectfully submitted this the 16th day of March, 2017.

Willson Jones Carter & Baxley, P.A.

_____

Ashlee B. Poplin
N.C. Bar No. 45905
Email: abpoplin@wjlaw.net
6701 Carmel Road, Suite 475
Charlotte, NC 28226
(704) 936-5094 (phone)
(704) 544-1719 (fax)
Attorney for Defendants Midland Funding, LLC
and Midland Credit Management, Inc.

# CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing has been served upon the following via U.S. Mail, properly addressed and postage prepaid, on this the 16th day of March, 2017:

Edward H Maginnis
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27601
emaginnis@maginnislaw.com

*Attorney for Plaintiff*

                Willson Jones Carter & Baxley, P.A.

                _____

                Ashlee B. Poplin
                N.C. Bar No. 45905
                Email: abpoplin@wjlaw.net
                6701 Carmel Road, Suite 475
                Charlotte, NC 28226
                (704) 936-5094 (phone)
                (704) 544-1719 (fax)
                Attorney for Defendants Midland Funding, LLC
                and Midland Credit Management, Inc.